**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Domingo De Jesus URBINA–MONCADA, Defendant–Appellant.**

**No. 04–40851.
Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Aug. 17, 2005.

---

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Christina Arellano–Villarreal, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Domingo De Jesus Urbina–Moncada (Urbina) appeals from his guilty-plea conviction for illegal reentry following deportation. Urbina argues, for the first time

on appeal, that the district court erred by enhancing his base offense level sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii), based on a determination that his prior conviction for transporting unlawful aliens was an alien smuggling offense. As Urbina concedes, his argument is foreclosed by *United States v. Solis–Campozano*, 312 F.3d 164, 167–68 (5th Cir.2002).

Also for the first time on appeal, Urbina argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in the light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Urbina concedes that this argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000).

■ Urbina argues that the district court erred in sentencing him under a mandatory Sentencing Guidelines scheme. *See United States v. Booker*, —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005). The district court committed error that is plain in sentencing Urbina under a mandatory Sentencing Guidelines regime. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556); *United States v. Martinez–Lugo*, 411 F.3d 597, 600 (5th Cir.2005). Urbina fails to meet his burden of showing that the district court's error affected his substantial rights. *See Valenzuela–Quevedo*, 407 F.3d at 733–34; *United States v. Mares*, 402 F.3d 511, 521 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517); *see also United States v. Bringier*, 405 F.3d 310, 317 n. 4 (5th Cir.2005),

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*petition for cert. filed* (July 26, 2005) (No. 05–5535).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.